IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IRVINE PHARMACEUTICAL SERVICES, INC.,

                                                ORDER

                Plaintiff,

                                              08-cv-663-slc[1]

    v.

BARBARA ARNOLD,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Irvine Pharmaceutical Services, Inc. filed this case for breach of contract in California state court in August 2008. Defendant Barbara Arnold removed the case to federal court on the basis of diversity and then obtained a transfer to the Western District of Wisconsin under 28 U.S.C. § 1404. One month later, plaintiff moved for dismissal of the case without prejudice under Fed. R. Civ. P. 41(a)(2), believing that the costs of litigating the suit in Wisconsin currently outweigh the benefits and stating that it does not anticipate that it will reinstate the case.

---

[1] The parties have declined the jurisdiction of the magistrate judge. Because no Article III judge has been assigned to this case, I have assumed jurisdiction over the case only to resolve the parties' current dispute.

1

Dismissal without prejudice generally is appropriate when a case is still in its early stages and the defendant will not be unfairly prejudiced by the dismissal. Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473 (7th Cir.1988). In this case there have been no rulings on the merits and neither side develops an argument that the proceedings so far have caused substantial expense. As plaintiff points out, the court of appeals has recognized that an assessment regarding the cost of litigation is a legitimate reason to obtain dismissal under Rule 41(a)(2). FDIC v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992).

Defendant objects to a dismissal without prejudice primarily on the ground that it would allow plaintiff to refile the case in California and force her to seek removal and transfer again. However, defendant has adduced no evidence that plaintiff is using Rule 41 as a ploy to get back to a California court and she cites no authority for the view that she may establish unfair prejudice through speculation. If plaintiff were to refile in Calfornia, it would likely be subject to Rule 11 sanctions for presenting a claim "for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Certainly, seeking to evade a court order could qualify as an "improper purpose" and forcing plaintiff to file another notice of removal and motion to transfer would "needlessly increase the cost of litigation."

The rest of defendant's brief is devoted to her view that plaintiff's claims lack merit. Although it is not surprising that defendant would hold such a view, she fails to explain how it is relevant to deciding a motion under Rule 41. Accordingly, I conclude that plaintiff's

motion should be granted.

Finally, I decline to award defendant attorney fees as a condition of dismissal. Such an award is appropriate "for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985). In this case, however, defendant's efforts have not been in vain because she has established that removal was appropriate and that Wisconsin is a more appropriate forum than California under § 1404. Issue preclusion (and potentially Rule 11) would bar plaintiff from challenging these determinations in a subsequent case.

ORDER

IT IS ORDERED that plaintiff Irvine Pharmaceutical Services, Inc.'s motion to voluntarily dismiss this case without prejudice is GRANTED and the case is DISMISSED.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge